

T: 609-831-2025
WWW.MADISONHOUSELEGAL.COM

*Principal Attorney:*
STEPHANIE JABLONSKY, ESQ.
Admitted in New Jersey and the District of Columbia

*Of Counsel:*
ANTHONY SCIARAFFA, ESQ.
Admitted in Massachusetts

June 4, 2026

***VIA CM/ECF***

Hon. James B. Clark III, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:    Keith Kaplan v. Teaneck Board of Education, et al.**
> **Civil Action No.: 2:25-cv-16764 (EP)(JBC)**

Dear Judge Clark:

This firm represents Plaintiff, Keith Kaplan, in the above-referenced matter. Plaintiff respectfully submits this correspondence in response to Defendants' letter [ECF No. 28] filed earlier today concerning their deadline to respond to Plaintiff's Amended Complaint.

Plaintiff has, from the outset, advised Defendants that he intended to seek leave to file a Second Amended Complaint. Defendants' assertion that they relied on those representations "to their detriment" is inconsistent with the fact that Plaintiff repeatedly disclosed his intent to amend and has never represented that he would abandon that effort.

Following Defendants' threat to seek Rule 11 sanctions regarding the claims against Superintendent Andre Spencer ("Spencer"), Plaintiff undertook an additional review of documents, correspondence, meeting materials, and video recordings relating to Spencer's involvement in the events at issue. Although Plaintiff disputes Defendants' assertion that his claims against Spencer lack factual support, Plaintiff nevertheless elected to conduct further factual review and prepare a more detailed pleading in an effort to provide additional factual allegations regarding Spencer's involvement to avoid further motion practice. That review has required additional time.

Plaintiff has kept Defendants informed of this process. Plaintiff's intention has been to provide a more complete operative pleading that may streamline, rather than multiply,

future motion practice. Plaintiff has acted in good faith to ensure that any amended pleading contains the fullest factual allegations reasonably available prior to discovery.

Defendants are not prejudiced by the additional time required to complete the proposed Second Amended Complaint because they can seek additional time to respond to the Amended Complaint. Local Rule 6.1(b) states, in pertinent part,

> (b) The time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, before the expiration of the original deadline to answer or reply thereto, and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk. Any other proposed extension of time must be presented to the Court for consideration.

In other words, the served defendants merely need to file a written request pursuant to Local Rule 6.1(b) to obtain an extension from the Clerk. Defendants never requested Plaintiff's consent to extend the deadline to respond to the Amended Complaint. Had such a request been made, Plaintiff would have consented to a reasonable extension. Instead, Defendants filed their letter [ECF No. 28] despite ongoing discussions regarding amendment of the pleading.

Plaintiff does not oppose a reasonable modification of the current schedule to permit the filing of a Second Amended Complaint and to avoid unnecessary motion practice directed at a pleading that may soon be replaced. Plaintiff anticipates filing a motion for leave to amend within 7 days. However, Defendants' request for a scheduling order concerning the service of a Rule 11 notice and filing of any motions to dismiss is premature. Defendants have not yet reviewed Plaintiff's proposed Second Amended Complaint, which is being prepared in part to include additional factual allegations concerning the newly added defendants. If Defendants believe the operative pleading violates Rule 11 after it is filed, the Federal Rules already provide an established procedure for raising such concerns.

Respectfully submitted,

*s/ Stephanie Jablonsky*

Stephanie Jablonsky

Jablonsky Legal LLC d/b/a Madison House Legal Group

cc:     Mark K. Silver, Counsel for Defendants (via ECF)

2